| | | |
|---|---|---|
| **RETURN DATE: JULY 12, 2022** | : | **SUPERIOR COURT** |
| **DANEICHKA MALDONADO, ET AL** | : | **J. D. OF WATERBURY** |
| **VS.** | : | **AT WATERBURY** |
| **HL MOTOR GROUP INC, ET AL** | : | **JUNE 1, 2022** |

## COMPLAINT

**FIRST COUNT:** (NEGLIGENCE - Daneichka Maldonado vs. Igor Kvitnitsky)

1. On or about July 6, 2020, at approximately 4:17 p.m., the Plaintiff, Daneichka Maldonado, was operating a motor vehicle in a generally westerly direction on Interstate-84 westbound (hereinafter "I-84 west") and traveling in the right lane of the three-lane highway, approximately one tenth of a mile east of Exit 22 in Waterbury, Connecticut.

2. At the same time, the Plaintiff, Moises Angulo, was a passenger in the motor vehicle being operated by the Plaintiff, Daneichka Maldonado.

3. On said date, and at said time and place, the Defendant, Igor Kvitnitsky, was operating a tractor trailer, owned by the Defendant, HL Motor Group Inc, as agent, servant, or employee and/or within the meaning of C.G.S. §52-183, in a generally westerly direction on said I-84 west and traveling in the right lane of said three-lane highway to the rear of the motor vehicle being operated by the Plaintiff.

4. On said date, and at said time and place, the Plaintiff slowed her vehicle to a stop for heavy traffic when the Defendant, Igor Kvitnitsky, suddenly and without warning collided with a motor vehicle directly to the rear of Plaintiff's vehicle, causing a multi-vehicle collision and causing the Plaintiffs to suffer injuries, losses, and damages as more particularly set forth hereinafter.

5.  The collision and resulting injuries, losses, and damages sustained by the Plaintiff were caused by the negligence and carelessness of the Defendant, Igor Kvitnitsky, in one or more of the following ways:

a.  IN THAT the Defendant failed to exercise due care in the operation of said tractor trailer;

b.  IN THAT the Defendant failed to keep said tractor trailer under reasonable and proper control;

c.  IN THAT the Defendant was inattentive and/or failed to keep a reasonable and proper lookout for other vehicles upon the highway;

d.  IN THAT the Defendant operated said tractor trailer upon the highway at a rate of speed greater than was reasonable under the circumstances then and there existing;

e.  IN THAT the Defendant operated said tractor trailer upon the highway at a rate of speed greater than was reasonable, having regard to the width, traffic and use of highway, road, and weather conditions then and there existing, in violation of C.G.S. §14-218a;

f.  IN THAT the Defendant operated said tractor trailer upon the highway recklessly, having regard to the width, traffic and use of such highway, road, and the weather conditions then and there existing, in violation of C.G.S. §14-222;

g.  IN THAT the Defendant failed to sound the horn or otherwise warn the Plaintiff of the impending collision;

h.  IN THAT the Defendant failed to keep a safe distance to other vehicles upon the highway;

i.  IN THAT the Defendant followed other vehicles more closely than was reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions, in violation of C.G.S. §14-240;

j.  IN THAT the Defendant followed other vehicles more closely than was reasonable and prudent under the circumstances then and there existing while operating a commercial vehicle, in violation of C.G.S. §14-240(d);

k.  IN THAT the Defendant failed to apply the brakes and stop or otherwise avoid the collision when, in the exercise of reasonable care, he could and should have done so;

l.  IN THAT the Defendant operated said tractor trailer with defective or inadequate brakes and/or failed to maintain said brakes in good working order, in violation of C.G.S. §14-80h;

m.  IN THAT the defendant operated a motor vehicle while distracted in violation of C.G.S. §14-296aa;

n.  IN THAT the Defendant engaged in an activity not related to the actual operation of a motor vehicle in a manner that interfered with the safe operation of such vehicle upon the highway, in violation of C.G.S. §14-296aa(f); and/or

o.  IN THAT the Defendant operated said tractor trailer in a careless manner and failed to take reasonable and proper precautions to avoid the probability of harm to others upon the highway under the circumstances then and there prevailing.

6. As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Daneichka Maldonado, was thrown in and about the vehicle and caused to sustain musculoskeletal injuries to her neck and back with associated pain and discomfort; left shoulder injury; right elbow injury; and all other injuries as are of yet unknown.

7. From all the injuries, losses, and damages, or effects thereof, the Plaintiff has suffered and will continue to suffer from pain, limitation of motion, and restriction of activity.

8. The Plaintiff's injuries, or some of them, will be permanent in nature.

9. As a further result of the negligence and carelessness of the Defendant, the Plaintiff has incurred expenses for medical care and attention and will, in all likelihood, incur additional medical expenses in the future.

10. As a further result of the negligence and carelessness of the Defendant, the Plaintiff's ability to enjoy life's pleasures has been severely curtailed and diminished and will similarly be affected in the future.

**SECOND COUNT:** (COMMON LAW RECKLESSNESS - Daneichka Maldonado vs. Igor Kvitnitsky)

1-4.  Paragraphs 1 through 4 of the First Count are hereby incorporated by reference and made paragraphs 1 through 4 of this Second Count as if fully set forth herein.

5. The collision and resulting injuries, losses, and damages sustained by the Plaintiff were caused by the recklessness of the Defendant, Igor Kvitnitsky, in that he operated said tractor trailer with extreme indifference and disregard for the consequences of his actions and known risks, in one or more of the following ways:

a. IN THAT the Defendant operated said tractor trailer upon the highway at a rate of speed greater than was reasonable under the circumstances then and there existing;

b. IN THAT the Defendant operated said tractor trailer upon the highway at a rate of speed greater than was reasonable, having regard to the width, traffic and use of highway, road, and weather conditions then and there existing, in violation of C.G.S. §14-218a;

c. IN THAT the Defendant failed to keep said tractor trailer under reasonable and proper control;

d. IN THAT the Defendant was inattentive and/or failed to keep a reasonable and proper lookout for other vehicles upon the highway;

e. IN THAT the Defendant operated said tractor trailer recklessly upon the highway under the circumstances then and there existing;

f. IN THAT the Defendant operated said tractor trailer upon the highway recklessly, having regard to the width, traffic and use of such highway, road, and the weather conditions then and there existing, in violation of C.G.S. §14-222;

g. IN THAT the Defendant failed to sound the horn or otherwise warn the Plaintiff of the impending collision;

h. IN THAT the Defendant failed to keep a safe distance to other vehicles upon the highway;

i. IN THAT the Defendant followed other vehicles more closely than was reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions, in violation of C.G.S. §14-240;

j. IN THAT the Defendant followed other vehicles more closely than was reasonable and prudent under the circumstances then and there existing while operating a commercial vehicle, in violation of C.G.S. §14-240(d);

k. IN THAT the Defendant failed to apply the brakes and stop or otherwise avoid the collision;

l. IN THAT the Defendant operated said tractor trailer with defective or inadequate brakes and/or failed to maintain said brakes in good working order, in violation of C.G.S. §14-80h;

m. IN THAT the defendant operated a motor vehicle while distracted in violation of C.G.S. §14-296aa; and/or

n. IN THAT the Defendant engaged in an activity not related to the actual operation of a motor vehicle in a manner that interfered with the safe operation of such vehicle upon the highway, in violation of C.G.S. §14-296aa(f).

6. As a result of the recklessness of the Defendant, as aforesaid, Plaintiff, Daneichka Maldonado, was thrown in and about the vehicle and caused to sustain musculoskeletal injuries to her neck and back with associated pain and discomfort; left shoulder injury; right elbow injury; and all other injuries as are of yet unknown.

7-8. Paragraphs 7 through 8 of the First Count are hereby incorporated by reference and made paragraphs 7 through 8 of this Second Count as if fully set forth herein.

9. As a further result of the recklessness of the Defendant, the Plaintiff has incurred bills and expenses for medical care and attention and will, in all likelihood, incur additional expenses in the future.

10. As a further result of the recklessness of the Defendant, the Plaintiff's ability to enjoy life's pleasures has been severely curtailed and diminished and will similarly be affected in the future.

**THIRD COUNT:** (STATUTORY RECKLESSNESS - Daneichka Maldonado vs. Igor Kvitnitsky)

1-4. Paragraphs 1 through 4 of the First Count are hereby incorporated by reference and made paragraphs 1 through 4 of this Third Count as if fully set forth herein.

5.  The collision and resulting injuries losses, and damages sustained by the Plaintiff were caused by the reckless misconduct of the Defendant, Igor Kvitnitsky, within the meaning of C.G.S. §14-295, in one or more of the following ways:

   a.  IN THAT the Defendant operated said tractor trailer upon the highway recklessly at a rate of speed greater than was reasonable, having regard to the width, traffic and use of highway, road, and weather conditions then and there existing while inattentive and/or without keeping a proper lookout for other vehicles upon the highway and/or without keeping said tractor trailer under reasonable and proper control and/or without sounding the horn or otherwise warning of the impending collision and/or without keeping a safe distance to other vehicles by following more closely than was reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions and/or without applying the brakes and stopping or otherwise avoiding the collision and/or while operating said tractor trailer with defective or inadequate brakes while recklessly engaged in an activity not related to the actual operation of a motor vehicle in a manner that interfered with the safe operation of such vehicle upon the highway, posing an immediate danger to others, including the Plaintiff, in violation of C.G.S. §14-218a;

   b.  IN THAT the Defendant operated said tractor trailer upon the highway recklessly, having regard to the width, traffic and use of such highway, road, and the weather conditions then and there existing at a rate of speed greater than was reasonable under the circumstances then and there existing and/or while inattentive and/or without keeping a proper lookout for other vehicles upon the highway and/or without keeping said tractor trailer under reasonable and proper control and/or without sounding the horn or otherwise warning of the impending collision and/or without keeping a safe distance to other vehicles by following more closely than was reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions and/or without applying the brakes and stopping or otherwise avoiding the collision and/or while operating said tractor trailer with defective or inadequate brakes while recklessly engaged in an activity not related to the actual operation of a motor vehicle in a manner that interfered with the safe operation of such vehicle upon the highway, posing an immediate danger to others, including the Plaintiff, in violation of C.G.S. §14-222;

  c. IN THAT the Defendant operated said tractor trailer while distracted at a rate of speed greater than was reasonable, having regard to the width, traffic and use of highway, road, and weather conditions then and there existing while inattentive and/or without keeping a proper lookout for other vehicles upon the highway and/or without keeping said tractor trailer under reasonable and proper control and/or without sounding the horn or otherwise warning of the impending collision and/or without keeping a safe distance to other vehicles by following more closely than was reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions and/or without applying the brakes and stopping or otherwise avoiding the collision and/or while operating said tractor trailer with defective or inadequate brakes while recklessly engaged in an activity not related to the actual operation of a motor vehicle in a manner that interfered with the safe operation of such vehicle upon the highway, posing an immediate danger to others, including the Plaintiff, in violation of C.G.S. §14-296aa;

6-10. Paragraphs 6 through 10 of the Second Count are hereby incorporated by reference and made paragraphs 6 through 10 of this Third Count as if fully set forth herein.

**FOURTH COUNT:** (NEGLIGENCE - Moises Angulo vs. Igor Kvitnitsky)

1-5. Paragraphs 1 through 5 of the First Count are hereby incorporated by reference and made paragraphs 1 through 5 of this Fourth Count as if fully set forth herein.

6. As a result of the negligence and carelessness of the Defendant, as aforesaid, the Plaintiff, Moises Angulo, was thrown in and about the vehicle and caused to sustain musculoskeletal injuries to his neck and back with associated pain and discomfort; disc bulge at L4-5 abutting the L4 nerve roots; left shoulder injury with separation and rotator cuff tear; and all other injuries as are of yet unknown.

7-10. Paragraphs 7 through 10 of the First Count are hereby incorporated by reference and made paragraphs 7 through 10 of this Fourth Count as if fully set forth herein.

11. The Plaintiff, Moises Angulo, was the owner of the motor vehicle being operated by Plaintiff, Daneichka Maldonado, at the time of the collision.

12. As a result of the collision, the Plaintiff, Moises Angulo has lost the use and value of his motor vehicle and seeks damages for said damage to his property.

**FIFTH COUNT:** (COMMON LAW RECKLESSNESS - Moises Angulo vs. Igor Kvitnitsky)

1-5. Paragraphs 1 through 5 of the Second Count are hereby incorporated by reference and made paragraphs 1 through 5 of this Fifth Count as if fully set forth herein.

6. As a result of the recklessness of the Defendant, as aforesaid, the Plaintiff, Moises Angulo, was thrown in and about the vehicle and caused to sustain musculoskeletal injuries to his neck and back with associated pain and discomfort; disc bulge at L4-5 abutting the L4 nerve roots; left shoulder injury with separation and rotator cuff tear; and all other injuries as are of yet unknown.

7-10. Paragraphs 7 through 10 of the Second Count are hereby incorporated by reference and made paragraphs 7 through 10 of this Fifth Count as if fully set forth herein.

11-12. Paragraphs 11 through 12 of the Fourth Count are hereby incorporated by reference and made paragraphs 11 through 12 of this Fifth Count as if fully set forth herein.

**SIXTH COUNT:** (STATUTORY RECKLESSNESS - Moises Angulo vs. Igor Kvitnitsky)

1-5. Paragraphs 1 through 5 of the Third Count are hereby incorporated by reference and made paragraphs 1 through 5 of this Sixth Count as if fully set forth herein.

6-12. Paragraphs 6 through 12 of the Fifth Count are hereby incorporated by reference and made paragraphs 6 through 12 of this Sixth Count as if fully set forth herein.

**WHEREFORE,** THE PLAINTIFFS CLAIM:

    A. Monetary Damages;

    B. Punitive Damages (As to claims for Recklessness);

    C. Attorney's Fees (As to claims for Recklessness);

    D. Double or Treble Damages (As to claims for Recklessness); and

    E. Any other relief that in law or equity may pertain.

Dated at Waterbury, Connecticut on this 1st day of June 2022.

PLAINTIFFS,

By: _____
**Tavi J. Dressler, Esq.**
Dressler Strickland
84 Cedar Street
Hartford, CT 06106
(860) 247-1122
Juris No.: 106079

| | | |
|---|---|---|
| **RETURN DATE: JULY 12, 2022** | : | **SUPERIOR COURT** |
| **DANEICHKA MALDONADO, ET AL** | : | **J. D. OF WATERBURY** |
| **VS.** | : | **AT WATERBURY** |
| **HL MOTOR GROUP INC, ET AL** | : | **JUNE 1, 2022** |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand, exclusive of interest and costs, is in excess of Fifteen Thousand ($15,000.00) Dollars.

PLAINTIFFS,

By: _____
**Tavi J. Dressler, Esq.**

- 10 -