| | |
|---|---|
| RETURN DATE: JULY 26, 2022 | : SUPERIOR COURT |
| MARIO GUERRERA | : JUDICIAL DISTRICT OF WATERBURY |
| V. | : AT WATERBURY |
| HIGHLIGHT MOTOR GROUP, INC.;<br>HL MOTOR GROUP, INC.;<br>IGOR KVITNITSKY | :<br><br>: JUNE 20, 2022 |

## COMPLAINT

**COUNT ONE:**   **(AS AGAINST IGOR KVITNITSKY FOR NEGLIGENCE)**

1. The Plaintiff, MARIO GUERRERA, is and was at all relevant times a resident of the City of Watertown, Connecticut.

2. The Defendant, HIGHLIGHT MOTOR GROUP, INC., is and was at all relevant times a corporation headquartered at 391 Creditstone Road, Concord, Ontario, Canada.

3. The Defendant, HL MOTOR GROUP, INC., is and was at all relevant times a corporation headquartered at 391 Creditstone Road, Concord, Ontario, Canada.

4. The Defendant, Igor Kvitnitsky, is and was at all relevant times an individual who resided at 15 Reeves Gate, Oakville, Ontario, Canada.

5. Interstate 84 (I-84) Westbound is and was at all relevant times a public interstate highway and/or roadway travelling in a general east-west direction across the State of Connecticut

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

through Waterbury, Danbury, Hartford and Union. At all relevant times, Exit 22 was an exit accessible from I-84, nearest to Baldwin Street in Waterbury, Connecticut.

6. On July 6, 2020, at approximately 4:17 PM, the Plaintiff was operating his motor vehicle in the furthest right lane of the three lanes on Interstate 84 Westbound, approximately one tenth of a mile east of Exit 22.

7. At that same time and place, the Defendant HL MOTOR GROUP, INC., was the owner of a 2018 Volvo Tractor Trailer truck, which was being operated by Defendant IGOR KVITNITSKY ("Kvitnitsky"). Defendant KVITNITSY's vehicle struck the plaintiff's vehicle from behind. This caused a violent and forceful collision between the two vehicles. At the same time and place, two vehicles traveling in front of the Plaintiff's vehicle had slowed for traffic. As a direct result of Defendant KVITNITSKY failing to slow or stop his vehicle, Plaintiff's vehicle was forced into the rear of the vehicle in front of him, which was then pushed into the rear of the vehicle in front of it.

8. At all times mentioned herein, the Defendant IGOR KVITNITSKY, was the servant, agent or employee of the Defendant HL MOTOR GROUP, INC., and was operating said motor vehicle under a general authority to drive.

9.  The aforementioned collision and consequences therefrom were a direct and proximate result of the negligence and carelessness of Defendant IGOR KVITNITSKY in one or more of the following ways, in that he:

   a. Failed to maintain a reasonable distance between his motor vehicle and the vehicle being operated by the plaintiff in violation of General Statutes § 14-240;

   b. Failed to maintain a reasonable distance between his motor vehicle and the vehicle being operated by the plaintiff in violation of General Statutes 14-240a and the common-law;

   c. Operated his motor vehicle at a rate of speed greater than what was reasonable given the width, traffic, use of the roadway, and the conditions then and there existing in violation of General Statutes § 14-218a;

   d. Operated his motor vehicle at a rate of speed greater than what was reasonable given the width, traffic, use of the roadway, and the conditions then and there existing in violation of the common-law;

   e. Failed to maintain a proper look-out for other vehicles or conditions on the roadway or to pay attention to where he was heading;

   f. Failed to remain alert and awake in the operation of his motor vehicle;

   g. Failed to keep his vehicle under proper and reasonable control;

   h. Failed to bring the motor vehicle he was operating to a stop or slow, or turn the vehicle so as to avoid colliding with the motor vehicle operated by the Plaintiff, although by the exercise of reasonable care, prudent operation and control of said motor vehicle, said Defendant should have avoided said collision;

    i. Failed to apply his brakes in sufficient time or in sufficient fashion so as to avoid the collision;

    j. Failed to honk his horn or to give the Plaintiff any warning whatsoever of the impending collision;

    k. Failed to take other reasonable and appropriate measures to avoid the collision; and

    l. Used a hand-held mobile telephone and/or a mobile electronic device in violation of General Statutes 14-296aa.

10. As a direct and proximate result of the aforementioned negligence and carelessness of Defendant KVITNITSKY, the Plaintiff sustained serious and painful personal injuries, some or all of which may be permanent in nature, including, but not limited to, the following:

    a. Traumatic subdural hemorrhage with loss of consciousness;

    b. Laceration to head;

    c. Injury to joints;

    d. Injury to both arms;

    d. Injury to neck;

    e. Pain in neck;

    f. Injury to right shoulder;

    g. Pain in right shoulder;

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 24876

h. Pain in left shoulder;

i. Injury to cervical spine;

j. Injury to lumbar spine;

k. Injury to lower back;

l. Pain in chest;

m. Abdominal Injury;

n. Fracture to ribs;

o. Pain and injury to the right elbow;

p. Loss of consciousness;

q. Headaches;

r. Shock to the nervous system; and

s. Associated pain and suffering.

11. As a direct and proximate result of the aforementioned negligence and carelessness of Defendant KVITNITSKY, the Plaintiff suffered pain and suffering, accompanied by stiffness, pain and discomfort in his head, neck, joints, shoulder, spine, chest and body, and loss of sleep.

12. As a direct and proximate result of the aforementioned negligence and carelessness of Defendant KVITNITSKY, the Plaintiff has and will continue to suffer in the future mental

anguish, frustration and anxiety over the fact that he was and remains injured, including nightmares and anxiety while driving.

13. As a direct and proximate result of the aforementioned negligence and carelessness of the Defendant, the Plaintiff has incurred and will continue to incur in the future expenses for medical care and treatment, including medication, x-rays, diagnostic testing, treatment and therapy, all of which has caused him and will continue to cause him financial loss and damage.

14. As a direct and proximate result of the aforementioned negligence and carelessness of the Defendant, the Plaintiff suffered and will continue to suffer in the future from a decrease in his capacity to engage in and enjoy life's activities as he was able to do prior to the aforementioned collision and resulting injuries.

**COUNT TWO:** **(AS AGAINST DEFENDANT HL MOTOR GROUP, INC. FOR VICARIOUSLY LIABILITY)**

1. Paragraphs 1 through 14 of COUNT ONE are hereby incorporated by reference and made Paragraphs 1 through 14 of COUNT TWO as if more fully set forth herein.

15. At all times relevant hereto, Defendant IGOR KVITNITSKY was the servant, agent or employee of HL MOTOR GROUP, INC. and was acting within the scope and purpose of his employment.

16. At all times relevant hereto, Defendant KVITNITSKY was driving and

operating the motor vehicle with the consent, permission, and knowledge of Defendant HL MOTOR GROUP, INC.

17. HL MOTOR GROUP, INC. is vicariously liable to the Plaintiff for the aforesaid negligence and carelessness of its employee IGOR KVITNITSKY.

**COUNT THREE:** (AS AGAINST DEFENDANT HIGHLIGHT MOTOR GROUP, INC. FOR VICARIOUS LIABILITY)

1. Paragraphs 1 through 14 of COUNT ONE are hereby incorporated by reference and made Paragraphs 1 through 14 of COUNT TWO as if more fully set forth herein.

15. At all times relevant hereto, Defendant IGOR KVITNITSKY was the servant, agent or employee of HIGHLIGHT MOTOR GROUP, INC. and was acting within the scope and purpose of his employment.

16. At all times relevant hereto, Defendant KVITNITSKY was driving and operating the motor vehicle with the consent, permission, and knowledge of Defendant HIGHLIGHT MOTOR GROUP, INC.

17. HIGHLIGHT MOTOR GROUP, INC. is vicariously liable to the Plaintiff for the aforesaid negligence and carelessness of its employee IGOR KVITNITSKY.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 26876

**COUNT FOUR:**     **(AS TO THE DEFENDANT IGOR KVITNITSKY FOR RECKLESSNESS)**

1. Paragraphs 1 through 14 of COUNT ONE are hereby incorporated by reference and made Paragraphs 1 through 14 of COUNT THREE as if more fully set forth herein.

15. The aforesaid accident was caused by the recklessness of Defendant IGOR KVITNITSKY in one or more of the following ways:

   a. with reckless disregard for the rights and safety of others, he operated his handheld device while driving a tractor trailer in heavy traffic;

   b. with reckless disregard for the rights and safety of others, he operated a commercial vehicle too closely to the vehicle in front of him; and

   c. with reckless disregard for the rights and safety of others, he operated his motor vehicle at an excessive speed which was dangerous in light of the traffic, conditions then and there existing.

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876

**WHEREFORE**, the Plaintiff claims:

1. Compensatory damages;

2. Double and/or treble damages for personal injury and/or property damage pursuant to § 14-295 of the Connecticut General Statutes for violation of §§ 14-218a, 14-240a and/or 14-296aa; and

3. Such other relief as the Court deems equitable and just.

THE PLAINTIFF,
MARIO GUERRERA

By /s/ Marisa Bellair
Marisa A. Bellair, Esq.
Michael C. Schulz, Esq.
LYNCH, TRAUB, KEEFE & ERRANTE
52 Trumbull Street
New Haven, CT 06510
Phone: 203-787-0275
Fax: 203-782-0278
Email: mbellair@ltke.com
Email: mschulz@ltke.com

| | |
|---|---|
| RETURN DATE: JULY 26, 2022 | : SUPERIOR COURT |
| MARIO GUERRERA | : JUDICIAL DISTRICT OF WATERBURY |
| V. | : AT WATERBURY |
| HIGHLIGHT MOTOR GROUP, INC.; IGOR KVITNITSKY | : JUNE 20, 2022 |

## STATEMENT OF AMOUNT IN DEMAND

The Plaintiff claims damages in excess of the sum of fifteen thousand dollars ($15,000.00), exclusive of interest and costs.

THE PLAINTIFF,
MARIO GUERRERA

By /s/ Marisa Bellair
Marisa A. Bellair, Esq.
Michael C. Schulz, Esq.
LYNCH, TRAUB, KEEFE & ERRANTE
52 Trumbull Street
New Haven, CT 06510
Phone: 203-787-0275
Fax: 203-782-0278
Email: mbellair@ltke.com
Email: mschulz@ltke.com

LYNCH, TRAUB, KEEFE AND ERRANTE, P.C.
ATTORNEYS AT LAW - P.O. BOX 1612 - NEW HAVEN, CT 06506-1612
(203) 787-0275 - JURIS NO. 34876